E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
02/02/2021 9:49:40 AM
Linda Myhre Enlow
Thurston County Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THURSTON COUNTY**

S.C., an individual,

                           Plaintiff,

   vs.

BLACK HILLS FOOTBALL CLUB, a
Washington nonprofit corporation; and
DAVID E. CROSS, individually,

                     Defendants.

NO.   21-2-00151-34

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, by and through her attorneys Darrell L. Cochran, Kevin M. Hastings, Andrew S. Ulmer, and the law firm of Pfau Cochran Vertetis Amala, PLLC, to bring this cause of action against Defendant, and alleges the following:

## I.    PARTIES

1.1    S.C. is currently a resident of Gallatin County, Montana.  Plaintiff was a minor at the time of the violent sexual assault alleged herein.  To prevent further damage and injury to the Plaintiff, this complaint for damages identifies her by initials only.  Plaintiff will be identified more fully in discovery or by amendment.

COMPLAINT FOR DAMAGES

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

1.2     At all relevant times, Defendant Black Hills Football Club (hereinafter, "BHFC") is a nonprofit corporation organized under the laws of Washington that operates in Thurston County, Washington.

1.3     At all relevant times, Defendant David Cross was a resident of Thurston County, Washington. Mr. Cross was employed by Defendant Black Hills Football Club in a number of capacities, including as the Coaching Coordinator/Director.

## II.      JURISDICTION AND VENUE

2.1     Under article IV, section 6 of the Washington State Constitution, the Superior Court, Thurston County, has universal original jurisdiction over this lawsuit.  The Court also has personal jurisdiction over the named defendant.

2.2     Venue is proper within Thurston County because Defendant resides and does business in Thurston County, Washington.

## III.      FACTS

3.1     S.C. was born in 1994 and grew up in in or around Thurston County, Washington.  She grew up playing soccer, and it was her first love.

3.2     The Black Hills Football Club was a soccer organization in Olympia created by several men, including James Charrette, Dennis Jones, and David Cross in roughly 1998. These men created this private pay-to-play soccer club as an income stream and revenue source for themselves, charging exorbitant sums of money to families of soccer players holding out the carrot of "college scholarships" for the girls to be obtained through their instruction and connections to obtain college soccer programs, while paying themselves salaries, consulting fees, training fees, and generating revenue for equipment and uniform sales sold by a business that founders of the organization operate. The BHFC sought and

COMPLAINT FOR DAMAGES

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

received official recognition and membership in the Washington State Youth Soccer Association, as well as the Thurston County Youth Soccer Association.

3.3     In addition to creating a soccer organization drawing hundreds of boys and girls in to their program which would generate income and revenue for themselves, several of the original founders, and later others, used the opportunity of creating and opening a soccer club for boys and girls as an opportunity to groom and sexually assault the children. BHFC Coaching Coordinator Dennis Jones' for example, was arrested in 2002 for charges connected to his grooming and sexual abuse of one of the girl soccer players placed under his supervision and coaching tutelage.

3.4     In the aftermath of Jones' 2002 arrest, the Black Hills Football Club notified the Washington State Youth Soccer Association and the Thurston County Youth Soccer Association, partly as a requirement to then notify the insurance company that provided coverage for potential claims against its member clubs and associations.   A document authored by the Black Hills Football Club president at the time states that its employees and members were to keep the arrest, grooming, and pattern of abuse quiet.

3.5     David Cross, who took over the BHFC Coaching Coordinator position, defended Dennis Jones after his arrest, aggressively attacking and belittling those who supported the soccer player. Jones eventually pleaded guilty to sexual misconduct with a minor and was convicted and sentenced on September 10, 2002, but nothing changed about Cross' defense of Jones and minimization of the damage he caused.

3.6     The abused soccer player and her family worked to create stronger policies both inside the club and in the State legislature to prevent future predatory behavior of coaches toward their players. The club resisted and delayed the adoption of a policy designed



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

to prevent future abuse, claiming that adequate policies were already in place and that the Jones' experience had taught enough lessons.

3.7     In December 2003, the Seattle Times ran a four-part series entitled "Coaches Who Prey: The Abuse of Girls and the System That Allows It."  The series included a story specifically about Black Hills Football Club coach Dennis Jones. The Black Hills Football Club knew about the series, but many club officials and staff minimized the importance of both the message and the danger.

3.8     It took several years of persistent efforts by the father of the Dennis Jones' victim to convince the Black Hills Football Club to pass a written policy covering "Coach— Player Interaction," but even after its passage, Black Hills Football Club failed to train on and enforce the written policies, which resultantly failed to change behavior or provide greater protection from sexual predation by coaches within the organization.

3.9     Black Hills Football Club failed to benefit from the notice provided by both Dennis Jones' pattern of grooming and abuse or the Seattle Times predator coach series, failing to either understand the danger or prevent its coaches from consuming alcohol during team events; from engaging in peer like physical contact and interaction with girl players; or from giving rides to girl players alone; or from offering to get involved in the personal lives of their girl players; or from objectifying the girls by misconduct like throwing teenage girls into swimming pools to create wet tee-shirt situations.

3.10     BHFC coaches not only tolerated, but actively enabled these dangerous behaviors by coaches even after the arrest and conviction of BHFC Coaching Coordinator Dennis Jones.  For instance, in or around 2004, Black Hills Football Club coach coordinator David Cross hired a new coach, David Davis.  His hiring of David Davis as a fellow coach

COMPLAINT FOR DAMAGES

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

was cause for concern, especially after Davis too began joining Cross in grooming misconduct such as throwing teenage girls into swimming pools at tournaments to create wet tee-shirt grooming opportunities.

3.11    David Davis demonstrated an explosive temper and dangerous judgment during the 2004-2005 season as an assistant coach.  During the Medford tournament over Memorial Day weekend in 2004, Charrette, Cross, and Davis announced that parents would not be allowed to stay with their daughters at the Grant's Pass hotel where the teams were lodged for the tournament.  Instead, the directors announced that the tournament would be used as a "Coming Out" tournament, explained by the coaches as preparing the young teenage girls for "college life" without their parents' supervision.  Davis brought video games to attract the girls to his room.  The team manager and at least one parent complained that this conduct and the behavior was a cause for serious concern, but Charrette, Cross, and Davis mocked one family and their daughter for refusing to participate, and reconfirmed that their girl players would stay away from their families at the hotel despite the protestations.

3.12    When the Medford tournament was planned for the 2005 Memorial Day weekend, parents again were told they could not stay with their daughters or even in the same hotel.  It was during this tournament trip that Black Hills Football Coach David Davis invited another BHFC soccer player, C.B., into his room and violently raped her.  Mere weeks afterwards, on or near June 2005, during a tournament held in Bellingham, Davis threw cones at C.B.'s mother during a confrontation with her and walked away from the tournament in an outburst, never to return to the club again.  Charette and Cross learned immediately about the bazaar situation, but they made no inquiries of Davis, no inquiries as to what led to the confrontation, no inquiries of C.B., and made no mention of the bizarre departure of Davis.

COMPLAINT FOR DAMAGES

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Members of the BHFC board of directors have claimed they had no knowledge about the Davis circumstances, nor any cause for concern and that if Charette and Cross knew, they concealed the information from the board.

3.13    David Cross likewise displayed alarming behavior and preyed on other BHFC youth athletes.  Another victim, K.H., was coached by David Cross for several years.  K.H. was born in 1991 and grew up in Shelton, Washington.  She grew up playing soccer, and as a teenager in the 8th Grade (2005-2006), she began playing for BHFC.  That Cross coached K.H. for several years was unusual because coaches would normally rotate teams every couple of years to give players experience in dealing with different coaching styles.  Cross had the phone numbers for every player and texted his "favorite" players occasionally, which included K.H.  Cross told K.H. and the other "favorite" girl players he was texting not to tell the other players on the team.  Cross continued to text K.H. compliments and said he wanted to have sex with her.  If K.H. did not cooperate, he would take it out on the soccer team by having them do extra work.  Cross eventually had K.H. in his van when he had sex with her.  For several months afterwards, Cross would meet with K.H. in various locations throughout Thurston County to have sexual contact with her.

3.14    Another BHFC youth player victimized by Black Hills Football Coach David Cross was B.W.  B.W. was born in 1992 and has played soccer since she was 6 years old.  In or around 2005, when she was 13 years-old, B.W. joined BHFC.  Cross coached B.W. for approximately five years.  By 2009, Cross began texting B.W. frequently.  The text conversations escalated to the point where Cross asked B.W. questions that were sexual in nature, such as asking her how far she had been with a boy.  Through manipulation and constant grooming, Cross convinced B.W. to have sexual intercourse with him and lose her

COMPLAINT FOR DAMAGES

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

virginity before college.  B.W. was 17 years-old.  Cross met B.W. at LBA Park, near Margaret McKenny Elementary School, and he took her virginity inside his white van before her school soccer tryouts later that day.  On another occasion B.W. met Cross at Ferrellis off Yelm Highway in the parking lot. He was far too intoxicated to drive so B.W. had to sit with him to prevent him from injuring himself or others.  Cross had sexual intercourse with B.W. several more times in various locations throughout Thurston County, including in the back of his van, the Red Lion Hotel and in the middle of three public parks.

3.15    On February 7, 2010, Cross was with B.W. in his van parked in the Beckonridge neighborhood.  Someone called the police and reported that the van had been there over an hour and that it was suspicious.  Police arrived and Cross pulled away.  Police stopped Cross and asked what he was doing parked in the dark in the middle of a neighborhood.  Cross said that he had to stop for a medical condition and that he was "just talking" to B.W. and trying to "help" her.  B.W. was nervous and scared, and she denied a relationship with Cross.  The police officer was suspicious of Cross's activities and "did not believe he had to stop for a medical condition and furthermore as a coach and adult [the police officer] felt [Cross's] actions were highly suspect and inappropriate."  B.W.'s parents were contacted and told about what had happened.  The following day, B.W.'s parents had Cross come over and told him that he was no longer to have any inappropriate communication with B.W.  They also had Cross sign a conduct contract.

3.16    Black Hills Football Club consistently failed to prevent its coaches from sexually abusing BHFC minor youth athletes.  Despite lessons that should have been learned by the Black Hills Football Club directors, coordinators, and staff from the arrest of Coach Dennis Jones, BHFC failed to provide sexual abuse warning signs or proper interaction

COMPLAINT FOR DAMAGES

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

training to players, parents, coaches, employees, or new directors, and failed to enforce critical conduct standard of behavior.  As of 2008, BHFC had done next to nothing for enforcement or to provide safeguards to protect players from the danger of sexual predation; instead, it perpetuated a system of misogynist, chauvinistic, grooming, and alcohol-fueled behavior by coaches, leading to the sexual predation of girl players in the organization. Cross, the BHFC Coaching Coordinator had long exhibited all the hallmark signs of a sexual predator before 2008, strikingly similar to his close friend Dennis Jones, including drunken groping of his girl players at tournaments.

3.17    Included in the list of Black Hills Football Club youth athletes that David Cross sexually abused was Plaintiff S.C.  In or around 2008-2011, the time period that Plaintiff S.C. was a soccer player with BHFC, David Cross was the Coaching Coordinator and coached Plaintiff S.C.  Plaintiff S.C. joined BHFC around 2008/2009 during her eighth grade school year.  Plaintiff S.C. eventually began playing for a team coached by David Cross.

3.18    Within months of being coached by BHFC's coach, David Cross, Mr. Cross acquired Plaintiff S.C.'s phone number and began texting her inappropriate, sexual messages such as telling her if she had ever kissed a boy, whether Plaintiff had a boyfriend, and if Plaintiff was single.

3.19    BHFC's coach, David Cross, escalated his sexual predations upon Plaintiff S.C. by slapping her bottom at nearly every BHFC soccer practice.  When Plaintiff S.C. was 15, David Cross attempted to bribe her to get into his van by buying her a new pair of soccer cleats.

3.20    In November 2011, Plaintiff S.C. went with David Cross and the BHFC soccer team to play in a tournament in Los Angels, California.  David Cross took Plaintiff S.C.'s

COMPLAINT FOR DAMAGES



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

ticket and told her that she had to sit at the back of the airplane next to him instead of sitting with her friends. While on the plane, David Cross touched Plaintiff S.C. on her legs while she was wearing soccer shorts, eventually moving his hand up her leg and touching Plaintiff S.C. in the area between her upper thigh and vagina. Plaintiff S.C. responded by moving his hand away, pulling down the seat tray, and laying her head down on the seat tray.

3.21    When Plaintiff S.C. returned home and attended her first practice, David Cross harassed and bullied Plaintiff S.C. David Cross harassed Plaintiff S.C. in retaliation for impeding his sexual advances upon her. Plaintiff S.C. eventually quit the BHFC team in or around 2012 because of David Cross's harassing behavior and attempted to play for another team. As an exercise of control over Plaintiff S.C. and in retaliation for impeding his sexual advances, David Cross filed a complaint with Washington State Youth Soccer Association alleging that Plaintiff S.C. was violating rules by attempting to play for another team without having been formally released from the Black Hills Football Club team. As a result of the complaint, Plaintiff S.C. was prohibited from playing for another team during her junior year of high school. David Cross took such measures to prevent Plaintiff S.C. from playing soccer with another team during the remainder of her junior year knowing that this was a critical season for Plaintiff S.C.'s soccer career. David Cross took these deliberate actions in order to maximize the damage done to Plaintiff S.C.'s soccer career. Such actions were taken against Plaintiff S.C. as a continuation of the sexual harassment, sexual abuse, and control exhibited by Black Hills Football Coach David Cross.

3.22    The minor Plaintiff in this lawsuit, S.C., was a young girl who was targeted by David Cross based on her gender. David Cross engaged with Plaintiff S.C. inappropriately because of her gender by signaling her out to give her gifts and send her inappropriate text

COMPLAINT FOR DAMAGES



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

messages.  David Cross did not engage in this same type of behavior with boys who were at BHFC.  Cross's targeted Plaintiff S.C. including molesting her on an airplane ride during a 2011 tournament held during Thanksgiving in Los Angeles, California.  After the airplane ride back from Los Angeles, David Cross engaged in harassing behavior ultimately leading her to quit the team.  Plaintiff S.C. was treated differently by Defendant Black Hills Football Club and David Cross than other children of different gender.  Her status as a young girl was a driving force of and substantial factor in the sexual abuse she endured.  Defendant Black Hills Football Club is a place of public accommodation.  Defendant Black Hills Football Club operates its business in places of public accommodation.  Additionally, Plaintiff S.C. was sexually molested in a place of public accommodation by David Cross while Black Hills Football Club youth players were riding an airplane for a tournament in Los Angeles, California.  The discrimination that the minor Plaintiff faced by David Cross was objectively discriminatory and subjectively perceived as discriminatory by Plaintiff S.C.

3.23   While acting within the course and scope of his employment, agency and/or association with Defendant Black Hills Football Club as a soccer coach, and using his position of trust and authority given to him by the aforementioned defendant, David Cross subjected Plaintiff S.C. to sexual harassment and sexual abuse on the basis of her age and gender.

## IV.   CAUSES OF ACTION

### COUNT I
### COMMON LAW NEGLIGENCE
### (Washington Common Law)

4.1   Negligence.  Based on the paragraphs set forth and alleged above, Defendants had a duty to exercise ordinary care and refrain from negligent acts and omissions, duties that

COMPLAINT FOR DAMAGES

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

arose out of special relationships and custodial control under Restatement (second) of Torts §315, duties that included the duty to control servants while acting outside the scope of employment under Restatement (second) of Torts §317, duties that included refraining from taking affirmative acts that exposed Plaintiff to harm from the foreseeable conduct of a third party under Restatement (second) of Torts § 302B, and duties that included the necessity of taking reasonable precautions to protect Plaintiff from sexual abuse, as well as to refrain from negligent acts and omissions in the hiring, training, and supervision of its agents, and Defendants' multiple failures in its duties owed proximately caused the sexual abuse of Plaintiff and resultant damages for which Defendants are liable.

**COUNT II**
**COMMON LAW GROSS NEGLIGENCE**
**(Washington Common Law)**

4.2    <u>Gross Negligence</u>. Based on the paragraphs set forth and alleged above, Defendants had a duty to exercise slight care, which is care substantially less than ordinary care, and to refrain from grossly negligent acts and omissions, and Defendants' multiple failures and breaches in its duties owed proximately caused the sexual abuse of Plaintiff and resultant damages for which Defendants are liable.

**COUNT III**
**SEXUAL DISCRIMINATION**
**(Washington Law Against Discrimination)**

4.3    <u>Washington Law Against Discrimination</u>. Based on the paragraphs set forth and alleged above, the minor Plaintiff was a member of a protected class who was at all times relevant utilizing a place of public accommodation pursuant to RCW 49.60 *et seq.* when Defendant Black Hills Football Club and/or its agents or employees including David Cross committed acts that directly or indirectly resulted in distinction, restriction, and/or

COMPLAINT FOR DAMAGES

**PFAU COCHRAN**
**VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

discrimination of the minor Plaintiff by treating her in a manner different to the treatment provided to persons outside the minor Plaintiff's protected class, including but not limited to sexual harassment and sexual abuse of the minor Plaintiff, and such violative acts toward the minor Plaintiff were objectively discriminatory and subjectively perceived as discriminatory by Plaintiff, and the minor Plaintiff's protected status was a substantial factor that caused the distinctive, restrictive, and/or discriminatory treatment by Defendant Black Hills Football Club and/or its agents or employees, all of which was contrary to the laws of Washington set forth under RCW 49.60 *et seq.*, and all of which proximately caused the minor Plaintiff to suffer damages.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Washington Common Law)

4.4 <u>Negligent Infliction of Emotional Distress</u>. Based on the paragraphs set forth and alleged above, Defendants' conduct constituted negligent infliction of emotional distress, and Defendants are liable for damages proximately caused as a result.

## COUNT V
## OUTRAGE
### (Washington Common Law)

4.5 <u>Outrage</u>. Based on the paragraphs set forth and alleged above, Defendants intentionally and/or recklessly caused severe emotional distress to Plaintiff due to its extreme and outrageous conduct, as more fully described above, that went beyond all possible bounds of decency and can only be regarded as atrocious and utterly intolerable in a civilized community, constituting the tort of outrage for which Defendants are now liable

COMPLAINT FOR DAMAGES

**PFAU COCHRAN**
**VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## V. <u>RESERVATION OF RIGHTS</u>

5.1     Plaintiff reserves the right to assert additional claims as may be appropriate following further investigation and discovery.

## VI. <u>JURY DEMAND</u>

6.1     Under the Washington State Civil Rules, Plaintiff demands that this action be tried before a jury.

## VII. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that this Court enter a judgment against the Defendants jointly and separately on Plaintiff's behalf for the following:

7.1     For special damages for medical treatment expenses, the expenses of medication, and other special expenses, including lost wages, both in the past and continuing into the future, in amounts to be determined at the time of trial;

7.2     For attorney's fees, costs, and all other remedies available under RCW 49.60, *et seq.*;

7.3     For all general damages for pain and suffering, including physical and emotional, resulting from the acts complained of herein;

7.4     For such reasonable costs, attorney fees, prejudgment interest, and exemplary damages otherwise allowed under law; and

7.5     For such other and further relief as this Honorable Court determines just in the premises.

COMPLAINT FOR DAMAGES



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

1

2

SIGNED this 2nd day of February, 2021.

3

4                                           PFAU COCHRAN VERTETIS AMALA PLLC

5

6                                           By: _____

7                                           Darrell L. Cochran, WSBA No. 22851
                                            Kevin M. Hastings, WSBA No. 42316
8                                           Andrew S. Ulmer, WSBA No. 51227
                                            Bridget T. Grotz, WSBA No. 54520
9                                           *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654